# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**RANDALL JAMES McCLOUD**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-322

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 45 years old. He has been living with his mother, but in September of this year was convicted of domestic violence for hitting his mother, an 80-some-year-old with dementia. At the time of the incident, perhaps due to his six-pack per day drinking habit, or his daily use of marijuana, defendant during the incident yelled to a neighbor "go ahead and call the cops -- I have a gun just for them in the house." The gun he was referring to was apparently a .32 caliber homemade machine gun he had in his home along with ammunition. Defendant apparently admitted screaming at his mother because she was senile, but denies he actually hit her. However, this issue has been resolved by (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community from defendant's behavior. Although defendant has the ability to craft items, his efforts have clearly been wrongly directed. Rather than devote himself to manufacturing guitars or other items, he has spent his time manufacturing a machine gun notwithstanding the fact that he has numerous felony convictions and the gun itself is an illegal commodity. Defendant's (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 30, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

a conviction in state court resulting in a 30-day jail sentence.

This is not defendant's only conviction. In fact, he has nine other convictions, including four for breaking and entering with intent, for burglary, and one for escape. The escape is more properly characterized as walking away from substance abuse training while in the MDOC, but nevertheless resulted in a prison term of 18 months to 5 years. At the time defendant was apparently arrested using an alias. Significantly, several of the charges arose while defendant was already on supervision to the Michigan Department of Corrections.

Defendant has had no verifiable employment for the past ten years, although he does report making guitar bodies in his home. Presently, defendant has no known place to live other than with his mother whom he was recently convicted of assaulting.

**Part II - Written Statement of Reasons for Detention** - (continued)

lack of control when he abuses alcohol, and his unchecked temper which resulted in his assault on a senile elderly lady, his own mother, coupled with his disregard of his obligations when under supervision, show that there is no condition that the court could impose that would assure defendant would be manageable and not a danger to persons in the community, including the police.